UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA STAAR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JERRY FOSTER,<br><br>　　　　　Defendant. | No. 2:17-cv-0083 KJM AC PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff has also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2. The request will be denied because (1) plaintiff's IFP application fails to make a showing required by 28 U.S.C. § 1915(a)(1), and (2) the complaint, in its current form, is frivolous.

## I. INSUFFICIENT INFORMATION IN THE IFP APPLICATION

Plaintiff's in forma pauperis application fails to disclose whether in the "past twelve months [she has] received any money from any" "business, profession or other self-employment, rent payments, interest or dividends, pensions annuities or life insurance payments, gifts or inheritances, or any other sources." ECF No. 2 at 1 ¶ 3. Because of this omissions, plaintiff's application fails to establish that she is entitled to prosecute this case without paying the required fees. Furthermore, where "plaintiff's claim appears to be frivolous on the face of the complaint,"

1

the district court may "deny[] plaintiff leave to file *in forma pauperis*."  O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

## II.  SCREENING STANDARDS

The IFP statute requires federal courts to dismiss a case if the action is legally "frivolous" or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. ("Rule") 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Rule 8(d)(1).  The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

////

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### III. THE COMPLAINT

The complaint alleges violations of the "Americans with Disabilities Act [(ADA)], Violent Crime Control and Law Enforcement Act, and Matthew Shepard and James Byrd Hate Crimes Prevention Act." ECF No. 1 at 4 ¶ A. These statutes are asserted as the basis for federal question jurisdiction. Id.

Plaintiff alleges that while she was "dragging [her] older neighbor's garbage can to the street for collection" the defendant drove rapidly towards her, pulled up alongside her and "lowered the passenger side window and began cursing [], threatening [], and calling [her] derogatory names." Id. at 5 ¶ III. Plaintiff "began edging along the side of [the] truck to cross the road" to leave and when she was behind defendant's truck, "he threw the truck into reverse, accelerated, striking [plaintiff] on the left side of [her] knee. Upon impact, [defendant] shifted into drive and sped away." Id. As "relief," plaintiff asks for "medical bills and surgery now required for [her] torn lateral meniscus." Id. at 6 ¶ IV.

These allegations do not establish federal question jurisdiction. Plaintiff's statement of her claim does not include any facts that establish (or indicate the existence of) a violation of federal law, but rather suggests a personal injury claim that would be governed by state law and must be filed in state court.

The complaint does not contain any facts showing that plaintiff has a claim entitling her to relief under the statutes she invokes. The ADA prohibits discrimination against persons with disabilities in areas of employment (Title I); public services (Title II); and public accommodations (Title III). See Tenessee v. Lane, 541 U.S. 509, 516 (2004). The complaint

does not allege any acts of discrimination on the basis of disability, and does not involve employment, public services, or public accommodations. Neither the Violent Crime Control and Law Enforcement Act nor the Matthew Shepard and James Byrd Hate Crimes Prevention Act create a private right of action. The complaint fails to explain how these statutes are implicated in the alleged personal injury. Even if defendant was motivated by prejudice of some kind (he is alleged to have used derogatory language), that would not transform a personal injury caused by a private citizen into a violation of federal law. So-called "hate crime" laws are criminal laws that do not give individuals a right to sue.

## IV. AMENDING THE COMPLAINT

Plaintiff will be provided an opportunity to amend his complaint. The court will therefore provide guidance for amendment.

The amended complaint must contain a short and plain statement of plaintiff's claims. That is, it must state what the defendant did that harmed the plaintiff. The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").

In setting forth the facts, plaintiff must not go overboard, however. He must avoid excessive repetition of the same allegations. He must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V.  CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice to its renewal in proper form, as explained above;

2. The complaint (ECF No. 1), is DISMISSED with leave to amend;

3. Plaintiff must file her renewed IFP application and amended complaint within 30 days of the date of this order. If plaintiff files an amended complaint, she must comply with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: July 13, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE